R. Edgar Thompson v. J. T. Robison, Commissioner of the General Land Office et al.

No. 4631. Decided November 21, 1928.
(10 S. W., 2d Series, 716.)

*Umphres, Mood & Clayton,* for relator.

*Claude Pollard,* Attorney-General, and *C. W. Truehart,* Assistant, for respondent Robison.

*Wm. Blakeslee,* for respondent Carter.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

The pleadings and records of the General Land Office show as follows:

"May 14, 1926.

"I, J. H. Walker, Chief Clerk and Acting Commissioner of the General Land Office of the State of Texas, do hereby certify that the papers, records, and documents of said office show:

"That survey No. 14, containing 150 acres of land situated in Hutchinson County was made under the Act approved April 15, 1905, providing for the sale of unsurveyed school lands, on the

application of W. P. Hedgecoke and that the field notes and application were returned and filed in this office, August 17, 1907; that said survey was approved July 21, 1910 on corrected field notes filed June 24, 1910 and the land classed as grazing and appraised at $1.50 an acre; and it was awarded August 11, 1910 to W. P. Hedgecoke on his application filed in this office August 1, 1910 to purchase the same without condition of settlement at $1.50 an acre and that with his said application he paid into this office his first payment, the sum of $13.91 and filed his obligation for the deferred payment of $220.84 bearing five per cent interest;

"That according to a deed dated January 29, 1912 and filed in this office, February 5, 1912, W. P. Hedgecoke conveyed to H. C. Jackson the aforesaid tract of land, and according to a deed dated February 9, 1912 and filed in this office April 12, 1912, H. C. Jackson conveyed said tract of land to N. R. Lowry;

"That said land was forfeited September 22, 1925, for failure to pay interest accrued to November 1, 1924;

"That on February 19, 1926, application to reinstate the said sale was filed in this office and with said application was tendered a sufficient sum of money to pay the interest due at that date, the application having been made in behalf of R. Edgar Thompson;

"That on April 26, 1926, there was filed in this office a chain of deeds from N. R. Lowry to R. Edgar Thompson, showing his ownership of the land, the date of the deed to Thompson being July 28, 1917;

"That on May 11, 1926, a sufficient sum of money was tendered to pay for the land to obtain a patent on behalf of R. Edgar Thompson;

"That both of said payments, namely, that to pay the interest accrued, and that to pay for the land (principal) were refused, for the reason that Permit No. 10,325 to prospect said land for oil and gas was issued, February 3, 1926 to Theo W. Carter on his application filed with the county clerk of Hutchinson County, December 22, 1925 and in this office, January 20, 1926, which Permit was in existence at the time said tenders were made and is in full force and effect at this time;

"That John H. Tyler and V. A. Stovall filed with the county clerk of Hutchinson County, December 25, 1925 an application to prospect said land for oil and gas, which application was filed in this office January 22, 1926 and rejected February 1, 1926 on

account of the prior application of Theo W. Carter, herein before mentioned;

"IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the seal of said office the date first above written.

"(Signed)   J. H. WALKER,
"Acting Commissioner."

The relator in his petition for mandamus prayed judgment of this court compelling and requiring the Commissioner of the General Land Office to cancel the mineral permit issued to Theo W. Carter and to either rescind the forfeiture endorsement on the wrapper pertaining to this land, or to re-instate said land upon relator's paying all past due interest, fees, and penalties. The original petition for mandamus was filed in this court on June 9, 1926, and on February 29, 1928, the relator filed in this court a motion to dismiss his petition for mandamus against the respondent and all co-respondents, and if necessary to withdraw this cause from submission in Section A of the Commission of Appeals in order that dismissal may be entered, and that such action be without prejudice to the right of relator, R. Edgar Thompson, to bring and prosecute any suit, action or legal proceeding of any kind or nature that he may deem proper in the future, although the same subject matter be at issue, and among the same or any number of the same parties. The respondent, the Land Commissioner, and the co-respondents; the holders of the oil permit, contest the motion to dismiss, and, in our opinion, set up good and sufficient reasons why it would be unjust and inequitable to dismiss this application at this late date.

All legal questions involved in the original mandamus have been fully discussed and decided in Cause No. 4825, S. H. Huggins v. J. T. Robison, Commissioner, et al., except that this case involves the forfeiture of Survey 14, Block V, S. F. 8236, in Hutchinson County, Texas. The right to dismiss involves the same legal questions involved in Cause No. 4824, R. Edgar Thompson v. J. T. Robison, Commissioner, et al.

It also appears on the face of the record that the mineral permit issued to Theo. W. Carter on February 3, 1926, has expired by operation of law under similar circumstances as set out in Cause No. 4825 above referred to.

We therefore recommend that the motion to dismiss the application for mandamus filed herein by relator be overruled, that the mandamus prayed for by relator be in all things refused, and that the mineral permit issued to Theo. W. Carter be adjudged to be

in force for the length of time after final judgment herein that it would have been in force after the date relator was permitted to file application for mandamus, had said permission for application to file mandamus not been granted.

Opinion of the Commission of Appeals is adopted and mandamus refused and mineral permit adjudged extended as recommended by the Commission.

*C. M. Cureton,* Chief Justice.